<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GEORGIA L. COMBS,

    Plaintiff,

    v.

CHRISTINE WORMUTH,

    Defendant.

No. 25cv1779 (EP) (JRA)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

This matter has been opened by the Court *sua sponte* based on (1) the failure of *pro se* Plaintiff Georgia L. Combs's to adequately serve Defendant and (2) the adjudication of an identical case brought before this Court in *Combs v. Gospel*, No. 23-6502 ("Original Action").

For the reasons explained below, the Court will **DISMISS** Plaintiff's Complaint ***with prejudice***.

**I.    BACKGROUND**

Combs was a former member of the United States Department of the Army (the "Army"). Original Action, D.E. 1-4 ("Final Agency Denial" or "FAD") at 2. On January 24, 2019, Combs received notice that the Army had proposed removing her from federal service due to her absence without leave ("AWOL") accumulation, failure to follow proper leave procedures, and discourteous and unbecoming conduct. *Id.* at 3. Alleging discrimination and hostile work environment, Combs filed an equal employment opportunity ("EEO") complaint against United States Department of the Army (the "Army") in connection with her proposed dismissal on April 22, 2019. FAD at 1. On May 14, 2019, the Army removed Combs from its service. FAD at 2.

The Amy issued its Final Agency Denial dismissing Combs's EEO claims on November 3, 2022. *Id.* at 1.

On August 21, 2023, Combs filed a complaint before this Court bringing an action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 (the "ADEA"), and the American with Disabilities Act, 42 U.S.C. §§12112-12117 (the "ADA") in connection with her dismissal from the the Army. Original Action, D.E. 1 ("Original Complaint") at 3-5. Plaintiff brought her Original Complaint against Defendants Amy Gopel, Matthew Hunter, Samuel Morgan, and Thomas F. Hunt (the "Original Defendants") and included with her suit, the Army's Final Agency Decision. FAD. Combs's Original Complaint relied on an attachment titled "STATEMENT OF THE CIVIL CASE" for the facts underlying the claims. *See* Original Complaint at 6 (citing Original Action, D.E. 1-3).

The United States Attorney for the District of New Jersey appeared on behalf of the Army, *see* Original Action, D.E. 6 at 1, and moved to dismiss, Original Action, D.E. 18-1[1] (the "Motion"), in part because Combs's action was untimely. Motion at 10-12. This Court dismissed Combs's Original Complaint on grounds that her action should have been brought against the Secretary of the Army, rather than against the Original Defendants, because only employers—not individual employees—could be held liable under the causes of action Combs brought. Original Action, D.E. 28 at 6-7. Amendment, however, would be futile because as this Court explained, the Original Action was filed several months after Combs alleged even receiving the Final Agency Denial and was therefore outside the thirty-day filing requirement. *Id.* at 5 (quoting *Slingland v. Donahoe*,

---

[1] The Army filed its Notice of Motion at D.E. 18.

2

542 F. App'x 189, 192 (3d Cir. 2013)).  This Court therefore dismissed the Original Complaint with prejudice.  Original Action, D.E. 29.

Combs now brings an action against the Secretary of the Army, Christine Wormuth, relying again on the same facts described in "STATEMENT OF THE CIVIL CASE."  D.E. 1.  The documents Combs has submitted in this action and in the Original Action are exactly the same.  *Compare* D.E. 1-1, *with* Original Action, D.E. 1-3.

II.     **LEGAL STANDARD**

Claim preclusion prevents parties from bringing a second suit against "the same adversary based on the same cause of action as the first suit."  *Salerno v. Corzine*, 449 F. App'x 118, 122 (3d Cir. 2011) (quoting *Duhaney v. Att'y Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010)).  Claim preclusion applies when there has been: "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privies; and (3) a subsequent suit based on the same causes of action."  *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 260 (3d Cir. 2010).

III.    **ANALYSIS**

For the reasons explained below, Combs's claims are precluded.  She may not circumvent this Court's prior dismissal with prejudice in the Original Action by simply filing a new action.

A.     **Combs Received a Final Judgment on the Merits**

When a court dismisses a party's claims, that party has received a final judgment on the merits.  *See Angel v. Bullington*, 330 U.S. 183, 190 ("[T]he merits of a claim are disposed of when they are refused enforcement.").  Here, this Court dismissed Combs's claims with prejudice for falling well outside the thirty-day filing requirement and explained to Combs that amendment would be futile.  Combs has therefore received a final judgment on the merits in the Original Action.  *See Dowdell v. Univ. of Med. & Dentistry of New Jersey*, 94 F. Supp. 2d 527, 534 (D.N.J.

2000) (holding that a dismissal based on the relevant statute of limitations operates as a final judgment on the merits); *Cahn v. United States*, 269 F. Supp. 2d 537, 544-45 (D.N.J. 2003) (same).

### B.     The Parties Are the Same in this Action as in the Original Action

"Privity 'is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the res judicata.'" *Marran v. Marran*, 376 F.3d 143, 151 (3d Cir. 2004) (quoting *EEOC v. U.S. Steel Corp.*, 921 F.2d 489, 493 (1990)). Because "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity," federal employees are in privity with the federal entity to which they belong when subject to the same claims based upon the same facts. *See Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988); *see also Kelly v. City of Philadelphia*, No. 25-1307, 2025 WL 3034961, at *3 (E.D. Pa. Oct. 30, 2025) (treating municipal employees sued in their official capacity as in privity with the municipality).

In the Original Action, this Court explained that amendment of the Original Complaint to name Combs's employer would be futile because Combs's action was nevertheless time-barred. For purposes of claim preclusion, the Original Defendants are in privity with the Secretary of the Army because the Original Defendants belong to the federal entity Combs seeks to sue by virtue of naming the Secretary of the Army and because this Court explained that *even if* Combs amended the Original Complaint to name the head of the Army, the action would *still* be time-barred.

### C.     This Action is Based on the Same Causes of Action as the Original Action

Courts in the Third Circuit take a broad view of what constitutes the "same cause of action" for purposes of claim preclusion. *Davis v. Wells Fargo*, 824 F.3d 333, 342 (3d Cir. 2016). "If the 'underlying events giving rise to the various legal claims' are 'essentially similar,' then it is likely that the claims meet the 'same cause of action' element for claim preclusion purposes." *Ritz v.*

4

*Erie Indemnity Co.*, No. 17-340, 2019 WL 438086, at *4 (W.D. Pa. Feb. 4, 2019) (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 276 (3d Cir. 2014)).

The Court need not take a broad view here. Like in the Original Action, Combs relies on a document entitled "STATEMENT OF THE CIVIL CASE" to explain the facts underlying her action. D.E.1 at 1. The "STATEMENT OF THE CIVIL CASE" document Combs relied on in the Original Action and the "STATEMENT OF THE CIVIL CASE" document Combs relies on now are identical. Combs's action here is therefore based on the same causes of action brought in the Original Action.

Having determined that the Army is entitled to the benefit of this Court's judgement in the Original Action, this Court will **sua sponte DISMISS** Combs's claims again **with prejudice**.[2]

### IV. CONCLUSION

Having determined that Combs is barred from reasserting the causes of action she brought in *Combs v. Gospel*, No. 23cv6502,

**IT IS** on this 2nd of February 2026, for the forgoing reasons,

**ORDERED** that Combs's complaint here, D.E. 1, is **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Plaintiff Georgia Combs via regular mail; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

Evelyn Padin, U.S.D.J.

---

[2] As explained in the Original Action, amendment would be futile because Combs's action is time-barred.